CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 5, 2018

LETTER TO COUNSEL

    RE: *Antoinette Denise Young v. Commissioner, Social Security Administration*;[1]
         Civil No. SAG-17-1386

Dear Counsel:

On May 19, 2017, Plaintiff Antoinette Young petitioned this Court to review the Social Security Administration's ["SSA"] final decision to deny her claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and Ms. Young's reply. [ECF Nos. 22, 23, 25, 28]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further consideration. This letter explains my rationale.

Ms. Young protectively filed a claim for Supplemental Security Income ("SSI") on May 28, 2013, alleging a disability onset date of December 31, 2003. (Tr. 168-73). Her claim was denied initially and on reconsideration. (Tr. 74-83, 84-95, 96-99, 103-04). A hearing was held on February 2, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 41-73). Following the hearing, the ALJ determined that Ms. Young was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 26-36). The Appeals Council denied Ms. Young's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Young suffered from the severe impairments of "bipolar disorder, anxiety disorder, [and] post- traumatic stress disorder (PTSD)." (Tr. 28). Despite these impairments, the ALJ determined that Ms. Young retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>and carrying out very short, simple instructions. Further, she is able to interact appropriately with the general public frequently.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Young could perform several jobs existing in significant numbers in the national economy. (Tr. 35-36). Accordingly, the ALJ determined that Ms. Young was not disabled. (Tr. 36).

Ms. Young raises two issues on appeal: (1) that the ALJ's decision did not comport with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ erred at step five of the sequential evaluation. Pl. Mot. 308. I agree that the ALJ's decision does not comport with *Mascio*, and that remand is therefore required. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Young is not entitled to benefits is correct.

Ms. Young argues that the ALJ failed to account for her moderate difficulties in concentration, persistence, or pace in the RFC assessment, as required by the Fourth Circuit's holding in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00-12.15 (2015). The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that, absent such an explanation, remand was necessary. *Id*.

Here, the ALJ found that Ms. Young had "moderate difficulties" in concentration, persistence, or pace. (Tr. 30). The ALJ noted that Ms. Young "testified to having concentration problems, and said her memory and ability to focus were poor." *Id.* The ALJ, however, further observed that Ms. Young "also testified that she likes to read and spends her days cleaning the house." *Id.* Citing the medical evidence, the ALJ further noted that Ms. Young's "[m]ental status examinations have referred to her concentration and memory as 'good,'" and that she "scored 27/30 on a mini-mental status examination." *Id.* Thus, the ALJ found that "[t]he record supports no more than moderate limitations in [Ms. Young's] concentration, persistence and pace." *Id.*

According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4).

The analysis provided by the ALJ in Ms. Young's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Young had moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, or how those difficulties restrict her RFC to "understanding, remembering and carrying out very short, simple instructions." (Tr. 30). Indeed, the ALJ's analysis entirely fails to address Ms. Young's pace or ability to sustain work over an eight-hour workday. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace, and, if the ALJ finds moderate limitation again, should explain her finding to permit an adequate evaluation under the dictates of *Mascio*.

Ms. Young's remaining argument relates to the ALJ's reliance on the VE's testimony at step five of the sequential evaluation. Since I am recommending remand on other grounds, the ALJ will have the ability to provide further analysis, if desired, on remand.

For the reasons set forth herein, Ms. Young's Motion for Summary Judgment, [ECF No. 22], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 25], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge